Max Elliott MALONE, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 6774.

United States Court of Appeals
Tenth Circuit.

Oct. 5, 1961.

Richard L. Whitworth, Denver, Colo., for appellant.

J. Eugene Gallegos, Asst. U. S. Atty., Sante Fe, N. M. (John Quinn, U. S. Atty., and Ruth C. Streeter, Asst. U. S. Atty., Albuquerque, N. M., on the brief), for appellee.

Before PHILLIPS, PICKETT and HILL, Circuit Judges.

PER CURIAM.

This is an appeal from an order denying a motion to vacate a sentence filed by Malone under 28 U.S.C.A. § 2255.

An indictment was returned against Malone in the United States District Court for the District of New Mexico, containing two counts. The first count charged a violation of the Dyer Act, 18 U.S.C.A. § 2312. The second count is not here involved.

On August 31, 1960, Malone appeared in open court for arraignment. At Malone's request, the court appointed Albert E. Utton, a member of the New Mexico Bar, as counsel for Malone. After consultation with Utton, the defendant was arraigned and entered a plea of not guilty as to Count 1 of the indictment.

On September 7, 1960, Malone again appeared in open court, accompanied by his counsel. After further consultation with his counsel, Malone withdrew his plea of not guilty and entered a plea of guilty to Count 1 of the indictment. Thereupon, a written waiver, duly signed by Malone, was filed, in which he waived indictment on a charge of attempted escape (18 U.S.C.A. § 751) and consented to be charged by information. Counsel for Malone stated to the court that he was apprised of the waiver and that Malone desired to waive indictment and consented to be charged by information. The waiver and information were filed and Malone was arraigned on the information. He entered a plea of guilty thereto.

On September 9, 1960, Malone, accompanied by his counsel, appeared in open court for sentencing. At that time Malone's wife was being held in custody on a charge of having conspired to aid a Federal prisoner to escape from custody. Malone's counsel stated that Malone desired to make a statement to the court, whereupon Malone told the court that his wife was being held on such charge and that a Government agent had told her if Malone persisted in his plea of guilty to the escape charge, the charge against his wife would not be dismissed. From the colloquy that followed, it is plain that Malone was desirous of so limiting his plea of guilty to the escape charge, as not to admit that his wife brought a hacksaw and blades to the jail in which Malone and other prisoners were confined and which were used by them in their attempt to escape. In other words, he wanted to make certain he was not admitting that he had received the hacksaw

and blades from his wife, but only that he attempted to escape by using a hack-saw and blades. Thereupon, the information was read to Malone and the court asked him whether or not he was guilty of the offense "of attempted escape from jail," whereupon the following occurred:

"Defendant: Yes sir, I am guilty of that offense.

"The Court: You want to plead guilty to that?

"Defendant: Yes, sir.

"The Court: And you do plead guilty to it?

"Defendant: Yes.

"The Court: Without any persuasion or promises from anybody?

"Defendant: No."

Thereupon, the court asked counsel for Malone if he desired to say anything before sentence was pronounced. Counsel replied:

"I think that clears up the question. He wanted to make sure his pleading guilty wasn't a plea in behalf of his wife, too."

The court then asked counsel if he thought that matter was straightened out. Counsel replied in the affirmative. Thereupon, the court sentenced the defendant to imprisonment for four years on Count 1 of the indictment.

In his motion, Malone alleges in substance that he was induced to plead guilty to the Dyer Act charge by the promise of Government officials that if he did so, the conspiracy charge against his wife would be dismissed. All other matters set up in his motion are clearly without merit.

The sentencing court, after a consideration of the official files and records in the case and the transcript of the proceedings at the time of the arraignment and entry of pleas and of the imposition of sentence, denied the motion without a hearing.

We think it clearly appears from the transcript of the proceedings at the time of the arraignment and entry of pleas and the imposition of sentence, that no promises of any kind had been made to Malone. A Government agent, who was present at the proceeding on September 9, stated to the court that no promises had been made to Malone that the charge against his wife would be dismissed if he entered a plea of guilty and neither Malone nor his counsel in anywise challenged that statement. Moreover, it is clearly apparent that Malone's only concern was that he should not implicate his wife by pleading guilty to the escape charge. Before imposing sentence, the court carefully inquired whether he was guilty of the escape charge and desired to plead guilty to it and Malone answered in the affirmative. Whereupon, the court said, "Without any persuasion or promises from anybody?" Malone answered, "No." It is obvious that he meant there had been no persuasion or promises from anybody.

Accordingly, we conclude that the files and records of the case conclusively show that Malone was not entitled to any relief and that the court properly denied the motion.

Affirmed.